MARY'S OPINION HEADING 








NO. 12-09-00236-CV

 

IN
THE COURT OF APPEALS 

 

TWELFTH COURT OF
APPEALS DISTRICT

 

TYLER,
TEXAS

                                                                        §                      APPEAL
FROM THE 

IN THE MATTER OF
F.R.,

                                                                        §                      COUNTY
COURT AT LAW #3

A
JUVENILE

                                                                        §                      SMITH
COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM
OPINION

PER
CURIAM

F.R., a juvenile, appeals the trial
court’s order committing him to the Texas Youth Commission (“TYC”) for an
indeterminate period following the modification of his disposition.  Appellant=s counsel filed a brief in compliance with
Anders v. California, 386 U.S. 738, 87 S. Ct. 1396,
18 L. Ed. 2d 493 (1967) and Gainous v. State, 436 S.W.2d 137
(Tex. Crim. App. 1969).  We dismiss the appeal.

 

Background

On August 25, 2008, Appellant was found
to have engaged in delinquent conduct by committing the offenses of evading
arrest and unauthorized use of a motor vehicle.  The trial court adjudicated
Appellant “delinquent” for the commission of these offenses and placed
Appellant on probation for one year.  

On June 30, 2009, the State filed a
Petition to Modify Disposition alleging that Appellant, among other things,
committed the offense of criminal mischief on May 2, 2009 in violation of the
terms and conditions of his probation.  The trial court conducted a hearing on
the State’s petition beginning on July 20, 2009.  The hearing concluded on July
23, 2009, at which time the trial court modified Appellant’s disposition and
committed him to the TYC for an indeterminate period.  This appeal followed.

Analysis Pursuant to Anders v. California

Appellant=s
counsel filed a brief in compliance with Anders v. California and
Gainous v. State.  Appellant=s
counsel states that he has diligently reviewed the appellate record and is of
the opinion that the record reflects no reversible error and that there is no
error upon which an appeal can be predicated.  He further relates that he is well
acquainted with the facts in this case.  In compliance with Anders,
Gainous, and High v. State, 573
S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978), Appellant=s
brief presents a chronological summation of the procedural history of the case
and further states that Appellant=s
counsel is unable to raise any arguable issues for appeal.[1] 
We have likewise reviewed the record for reversible error and have found none.

 

Conclusion

As
required by Stafford v. State, 813 S.W.2d 503 (Tex.
Crim. App. 1991), Appellant=s counsel has moved for
leave to withdraw.  See also In re Schulman, 252 S.W.3d 403, 407
(Tex. Crim. App. 2008) (orig. proceeding).  We carried the motion for
consideration with the merits.  Having done so and finding no reversible error,
Appellant=s counsel=s
motion for leave to withdraw is hereby granted and the
appeal is dismissed.[2]

Opinion delivered July 30, 2010.

Panel consisted of Worthen, C.J.,
Griffith, J., and Hoyle, J.

 

(PUBLISH)









[1] In his motion to withdraw,
Appellant’s counsel indicates that he provided Appellant with a copy of this
brief.  Appellant was given time to file his own brief in this cause.  The time
for filing such a brief has expired and we have received no pro se brief.





[2] Counsel has a duty to, within five days of the date
of this opinion, send a copy of the opinion and judgment to Appellant and
advise him of his right to file a petition for discretionary review.  See
Tex. R. App. P. 48.4; In re
Schulman, 252 S.W.3d at 411 n.35.  Should Appellant wish to seek review
of this case by the Texas Court of Criminal Appeals, he must either retain an
attorney to file a petition for discretionary review on his behalf or he must
file a petition for discretionary review pro se.  Any petition for
discretionary review must be filed within thirty days from the date of either
this opinion or the last timely motion for rehearing that was overruled by this
court. See Tex. R. App. P. 68.2. 
Any petition for discretionary review must be filed with this court, after
which it will be forwarded to the Texas Court of Criminal Appeals along with
the rest of the filings in this case.  See Tex.
R. App. P. 68.3.  Any petition for discretionary review should comply
with the requirements of Texas Rule of Appellate Procedure 68.4.  See In
re Schulman, 252 S.W.3d at 408 n.22.